Daniel V. PRESNICK, Plaintiff–Appellant,

v.

Edward DELANEY, Chief of Police, and Orange Park and Recreation Board, Defendants–Appellees.

Docket No. 99–9371.

United States Court of Appeals, Second Circuit.

May 30, 2002.

Daniel V. Presnick, pro se, Orange, CT, for Appellant.

Marcia J. Gleeson, Sack, Spector & Karsten, West Hartford, CT, for Appellees.

Present OAKES, SACK and BRIGHT,* Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

The plaintiff appeals from the district court's decision entering summary judg-

* Of the United States Court of Appeals for the    Eighth Circuit, sitting by designation.

ment against him on his claims that the defendants violated his constitutional rights by suspending for thirty days his right to enter town recreational facilities and thereby preventing him from collecting signatures in support of his bid for election as a town selectman, and also by arresting him and charging him with trespass when he failed to comply with the suspension order. We review *de novo* the district court's summary judgment decision. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999), *cert. denied*, 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000).

We agree with the district court that the plaintiff's equal protection claim fails because the plaintiff has not shown that similarly situated individuals were treated differently. The plaintiff, citing to *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), argues that he is a "class of one" and that an equal protection violation can be established on that basis. But *Olech* does not suspend the "similarly situated" pleading requirement. The plaintiff must still "allege[ ] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564, 120 S.Ct. 1073.

We also agree with the district court that the plaintiff has not made out a procedural due process claim. The state has a significant interest in maintaining safety in its recreational facilities. By contrast, the plaintiff's interest in utilizing the facilities in the manner in which he wished to use them is relatively minor. The 30–day suspension did not prevent the plaintiff from collecting signatures in other areas of town or even from standing outside the facility entrances and approaching people as they entered or exited. We thus conclude that the plaintiff's opportunity to address the Orange Park and Recreation Board before their vote on his suspension was sufficient in the circumstances. *See Perry v. McDonald*, 280 F.3d 159, 174 (2d Cir.2001) (the form of notice and hearing required under the due process clause "depends upon balancing (1) the state's interest; (2) the private interest affected by the state's action; and (3) the risk of erroneous deprivation and the value of additional safeguards").

Finally, we agree with the district court's analysis of the plaintiff's First Amendment claims. The plaintiff has not introduced evidence that the state intended to make public fora of the recreational facilities he sought to enter. *See Perry*, 280 F.3d at 167. The district court thus correctly concluded that the recreational facilities are nonpublic fora where the state could impose reasonable, viewpoint-neutral restrictions. *Id.* at 166. Although the plaintiff alleged that the defendants intentionally singled him out for his speech, he has introduced no evidence to support this claim, while the defendants submitted sworn statements from pool patrons confirming the disruptiveness and abusiveness of the plaintiff's behavior.

We have considered the plaintiff's remaining arguments and find them also to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.